UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DEAN ALLEN COCHRUN | ) | Civ. 13-4065-KES |
| Next Friend | ) | |
| LARRY DEAN COCHRUN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITION FOR |
| vs. | ) | WRIT OF HABEAS CORPUS |
| | ) | |
| ROBERT DOOLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Dean Allen Cochrun as the "Next Friend" for his father, Larry Dean Cochrun, an inmate at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota, filed a pro se petition for relief under 28 U.S.C. § 2254 on June 11, 2013. Docket 1. The court referred the petition to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings and issuing a report and recommendation for the disposition of Cochrun's § 2254 petition. On June 26, 2013, Magistrate Judge Simko issued a report and recommendation for the disposition of Cochrun's § 2254 petition. Dockets 1, 6. Cochrun filed timely objections to the report and recommendation on July 19, 2013. Docket 7. For the reasons set forth herein, the court adopts Magistrate Judge Simko's report and recommendation.

## DISCUSSION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

In the instant case, Cochrun objects to Magistrate Judge Simko's reliance on *Cotton v. Mabry*, 674 F.2d 701 (8th Cir. 1982), a case in which the Eighth Circuit held that a petitioner could not challenge an earlier conviction where the petitioner was no longer in custody in connection with such conviction, even despite the fact that the earlier conviction affected the length of a subsequent sentence which the petitioner was presently serving—"[t]he influence which the [earlier] sentence may have had on the subsequent sentences is a collateral consequence and does not give [the] court jurisdiction to grant habeas relief." *Cotton*, 674 F.2d at 703. Based on that holding, Magistrate Judge Simko found that Cochrun was "not 'in custody' for purposes of the conviction he wishe[d] to challenge" and thus was not entitled to habeas relief. Docket 6 at 2.

Cochrun objects to the magistrate judge's finding because he believes the holding in *Cotton* should be overruled. Docket 7. More specifically, Cochrun asserts that the Eighth Circuit made a mistake in "equating the influence [that] a prior sentence [has] on a current sentence as a collateral consequence when

2

the former does not 'proceed' the latter." Docket 7. Instead, Cochrun argues that a current sentence should be deemed a *direct* consequence of a prior conviction. Based on this view, Cochrun believes the court has jurisdiction to consider a challenge to his 1991 conviction because he is currently serving a subsequent sentence that was directly affected by his prior conviction.

Having reviewed de novo the issues raised by Cochrun's objections, the court adopts the magistrate judge's recommendation. Although the length of Cochrun's current sentence is indeed a consequence of Cochrun's prior conviction, the sentence itself is not a direct result of his prior conviction—he is not currently in custody for committing statutory rape in 1991. Rather, Cochrun is currently in custody as a direct result of having committed aggravated assault in 2006. The fact that Cochrun's 1991 conviction prolonged Cochrun's current sentence does not change the fact that Cochrun is no longer in custody based on his 1991 conviction. Cochrun has served the sentence associated with his 1991 conviction and is therefore foreclosed from challenging the constitutionality of that conviction, regardless of its effect on his current sentence. As stated by the magistrate judge, "[b]ecause Cochrun is not 'in custody' for purposes of the conviction he wishes to challenge (the 1991 rape conviction) he is not entitled to habeas corpus relief." Docket 6 at 2.

In addition to objecting to the magistrate judge's findings, Cochrun briefly notes that he is also attacking his 2006 conviction as unconstitutional. Docket 7. Not only does Cochrun fail to provide facts to support this bare assertion, but

3

this appears to be the first time Cochrun raises the issue of constitutionality with regard to his 2006 conviction. It is well established that " 'the purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court.' " *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000) (quoting *Reciprocal Exch. v. Noland*, 542 F.2d 462, 466 (8th Cir. 1976)). Accordingly, in the absence of a showing that a manifest injustice would result from failure to do so, the court declines to address Cochrun's claim that his 2006 conviction was unconstitutional. It is therefore

ORDERED that the report and recommendation of Magistrate Judge Simko (Docket 6) is adopted. The court rejects Cochrun's objections to Magistrate Judge Simko's report and recommendation (Docket 7) and denies Cochrun's § 2254 application for relief (Docket 1).

IT IS FURTHER ORDERED that no Certificate of Appealability be issued.

Dated November 27, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE